BENJAMIN B. WAGNER
United States Attorney
JEAN M. HOBLER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700

Attorneys for Plaintiff
United States of America



FILED
JUL 24 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN H. NISHIMURA,<br><br>Defendant. | CASE NO. 2:15 - CR - 145 KJN<br><br>**PLEA AGREEMENT PURSUANT TO RULE 11(C)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>DATE:<br>TIME:<br>JUDGE: |

1. **Scope of the Agreement**

   Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of California (the "government") and the defendant, BRYAN H. NISHIMURA, enter into the following plea agreement. This document contains the complete plea agreement between the government and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

2. **Court Not a Party**

   The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of the defendant, including the activities that may not have been

charged in the Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

### 3. Defendant's Obligations

The defendant will plead guilty to the sole count in the Information, Unauthorized Removal And Retention of Classified Documents and Material, in violation of 18 U.S.C. § 1924, a Class A misdemeanor. The defendant agrees that he is guilty of this charge, and that the facts set forth in the "Factual Basis In Support Of Guilty Plea" attached hereto as Exhibit A are accurate. The defendant also agrees that this plea agreement will be filed with the Court and become a part of the record of the case. To the extent necessary, the defendant agrees to waive any claims based on the statute of limitations in this case. *See* 18 U.S.C. § 3287.

### 4. Sentencing Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the defendant agree to recommend the following sentence to the Court:

a. The parties request that upon the defendant's change of plea, a presentence investigation be waived and the matter proceed directly to sentencing;

b. The defendant shall serve a two-year term of court probation, subject to the following terms and conditions:

    1. The defendant shall pay a $7,500.00 fine within six months of sentencing;

    2. The defendant shall pay the $25.00 mandatory special assessment forthwith;

    3. The defendant shall forfeit all rights, titles, and interests to the United States in all electronic devices and storage media seized from his residence at 106 LaQuart Court, Folsom, CA, on May 24, 2012, that are currently within the

      possession of the United States;

4. The defendant shall not seek or obtain any new security clearance to perform work on behalf of the United States or any department or agency thereof, either directly or through a government contractor, and shall surrender any such security clearances that he currently holds;

5. The defendant shall not commit another federal, state, or local crime;

6. The defendant shall notify the United States Attorney's Office within seventy-two hours of being cited or arrested for a criminal violation;

7. The defendant shall notify the United States Attorney's Office ten days prior to any change in residence; and

8. The defendant shall report to the U.S. Marshals Service for processing forthwith upon conviction.

The parties agree that they will not seek or argue in support of any other recommendation.

## 5. Maximum Penalty

The defendant understands that for his conviction for the offense charged in the sole count in the Information, the Court, in its discretion, may impose a sentence of not more than one year of imprisonment; a fine of not more than $100,000.00; or both said fine and imprisonment. The Court may additionally impose a term of supervised release of not more than one year. The Court must also impose a mandatory special assessment of $25.00 for the aforementioned offense.

## 6. Waiver of Constitutional Rights

The defendant understands that by pleading guilty to the offense charged in the sole count in the Information, he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to have a jury trial; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine adverse witnesses; and (f) not to be compelled to incriminate himself.

## 7. Waiver of Appeal and Collateral Attack

Although the defendant has been fully informed and understands that he has the right to an appeal in this matter, the defendant waives his right to appeal and collaterally attack his guilty plea,

conviction, sentence, or any other matter pertaining to this prosecution, except as to non-waivable claims.

### 8. Violations of Plea Agreement

Notwithstanding the agreement, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on the count to which he is pleading guilty, the government shall have the right: (1) to prosecute the defendant on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision.

### 9. Complete Agreement

The defendant acknowledges that other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

### 10. Approvals and Signatures

By signing this document, the defendant, his counsel, and the attorney for the United States acknowledge that the above plea agreement is properly stated and signifies the entire terms agreed to by all parties.

A. **Defense Counsel:** I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth herein.

Dated: 7/24/15

Name: WILLIAM J. PORTANOVA
Counsel for Defendant

///

///

B. **Defendant:** I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 27 Jul 2015

BRYAN H. NISHIMURA
Defendant

C. **Attorney for United States:** I accept and agree to this plea agreement on behalf of the government.

Dated: 7/24/2015

BENJAMIN B. WAGNER
United Stated Attorney

JEAN M. HOBLER
Assistant United States Attorney

**Exhibit A: Factual Basis In Support Of Guilty Plea**

If this case were to proceed to trial, the United States would prove the following beyond a reasonable doubt:

From on or about 2000 to 2014, the defendant, BRYAN H. NISHIMURA, was enlisted as a service member in the United States Navy Reserve (the "Navy Reserve"). From on or about January 2007 to May 2008, the defendant was deployed by the Navy Reserve on active military duty to Afghanistan, as part of Operation Enduring Freedom, where he served as a Navy Reserve Commander and a Regional Engineer for the U.S. military. In this capacity, the defendant had access to CLASSIFIED briefings and CLASSIFIED digital and hard copy records of the United States including, but not limited to, CLASSIFIED United States Army records. The defendant knew that he was only authorized to view such CLASSIFIED data in digital format on authorized government computers, and was not permitted to remove CLASSIFIED data from such authorized government computers. The defendant disregarded this restriction throughout his tour in Afghanistan by downloading and storing CLASSIFIED data that he obtained from authorized government computers onto his personal, unclassified electronic devices and storage media. The defendant then removed this CLASSIFIED data from the authorized premises, and transported it off-base when he traveled throughout Afghanistan.

On or about May 2008 when the defendant's tour of duty in Afghanistan ended, the defendant returned to the United States with several United States CLASSIFIED digital files, including CLASSIFIED U.S. Army records which remain CLASSIFIED through the present, which he had received in his official capacity while in Afghanistan, without authorization to do so. The defendant transported these CLASSIFIED digital files on his personal, unclassified electronic devices and storage media from Afghanistan to his residence in Folsom, California, County of Sacramento, State and Eastern District of California. The defendant, variously, transferred, stored, and retained these CLASSIFIED digital files on numerous unclassified, personal electronic devices and storage media located inside of his Folsom, California, residence until between approximately February and April 2012. Operation Enduring Freedom ended on December 28, 2014, by proclamation of the President of the United States.

In January and February 2012, the defendant admitted to National Reconnaissance Office

personnel that he had transported, stored, and collected CLASSIFIED (Secret and Secret/NATO RESTRICTED) information on unclassified devices throughout his 2007–2008 tour in Afghanistan, and was currently storing and retaining such CLASSIFIED information at his Folsom, California, residence on personal, unclassified electronic devices and storage media.

In May 2012, the Federal Bureau of Investigation ("FBI") performed a consensual search of the defendant's Folsom, California, residence and recovered numerous United States CLASSIFIED and unclassified military records, stored both digitally and in hard copy. Among the CLASSIFIED records recovered were at least four digitally-stored CLASSIFIED U.S. Army records dating from the defendant's 2007–2008 Afghanistan tour. The U.S. Army verified that these four documents remain CLASSIFIED through the present.

In May 2012, the defendant also admitted to FBI and Naval Criminal Investigative Service agents that he had stored, viewed, and transported approximately 200 MB of United States CLASSIFIED data and satellite imagery in the abovementioned manner during his 2007–2008 tour in Afghanistan; returned from Afghanistan to the United States with such CLASSIFIED data stored on personal electronic devices and storage media in May 2008; stored and retained this CLASSIFIED data on personal electronic devices and storage media at his residence in Folsom, California, following his return to the United States in May 2008; and destroyed and disposed of personal electronic devices and storage media containing such CLASSIFIED data between approximately February and April 2012. The defendant admitted that he knew that the manner in which he had destroyed these United States CLASSIFIED records was not a method approved or sanctioned by the U.S. Navy.

I, BRYAN H. NISHIMURA, have read and reviewed the stipulated factual basis with my attorney and agree to the truth and accuracy of the facts set forth in Exhibit A: Factual Basis In Support Of Guilty Plea.

Dated: 24 Jul 2015

_____
BRYAN H. NISHIMURA
Defendant